Filed 11/05/15 Case 15-23888 Doc 123

21

DEBRA A. RILEY (BAR NO. 151925)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: driley@allenmatkins.com

Attorneys for Debtor
COMMUNITY FACILITIES DISTRICT NO. 1990-1
(WILDWOOD ESTATES), NEVADA COUNTY,
CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 2015-23888 |
| COMMUNITY FACILITIES DISTRICT NO. 1990-1 (WILDWOOD ESTATES), NEVADA COUNTY, CALIFORNIA, | Chapter 9 |
| | DCN: AM-7 |
| Debtor. | **CFD 1990-1'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF AMENDED PLAN FOR ADJUSTMENT OF DEBTS FOR THE COMMUNITY FACILITIES DISTRICT NO. 1990-1 (WILDWOOD ESTATES), NEVADA COUNTY, CALIFORNIA, DATED SEPTEMBER 9, 2015** |
| | Date:    November 18, 2015<br>Time:    11:00 a.m.<br>Place:   United States Courthouse<br>        501 I Street, Dept. D, Ctrm. 34<br>        Sacramento, California 95814<br>Judge:  Hon. Robert S. Bardwil |

SUPP MEMO OF LAW IN SUPPORT
OF CONFIRMATION OF AMENDED
PLAN OF ADJUSTMENT OF DEBTS

835996.01/SD

Community Facilities District No. 1990-1 (Wildwood Estates), Nevada County, California ("CFD 1990-1") submits this supplemental memorandum of law in support of confirmation of the First Amended Plan of Adjustment of Debts of Community Facilities District No. 1990-1 (Wildwood Estates), Nevada County, California , dated September 9, 2015 (as may be modified, amended or supplemented, and including all exhibits, the "Plan"),[1] pursuant to section 943 of the Bankruptcy Code ("Supplemental Confirmation Memorandum").

## I.     INTRODUCTION

At the time CFD 1990-1 filed its Memorandum of Law in Support of Confirmation of its Plan ("Confirmation Memorandum") (Dkt. No. 116), the deadline for voting to accept or reject the Plan and to file objections to the Plan had not yet occurred.  Now that the deadline of October 26, 2015, has passed, CFD 1990-1 is pleased to report to the Court that no objections to the Plan were filed or received and those entitled to vote on the Plan (Bondholders and the County) overwhelmingly cast votes in support of the Plan.

The Plan addresses the insolvency that has plagued CFD 1990-1 since its formation.  The Plan is in the best interests of creditors (*i.e.*, the Bondholders and the County) and parties-in-interest, and is feasible.  Accordingly, for the reasons set forth in the Confirmation Memorandum, as supplemented hereby, CFD 1990-1 submits that this Court should confirm the Plan because CFD 1990-1 has satisfied all the applicable confirmation requirements set forth in section 943(b) of the Bankruptcy Code.

## II.     PROCEDURAL BACKGROUND

The procedural background to the Confirmation Hearing is set forth in CFD 1990-1's Confirmation Memorandum at page 2.  As noted above, in support of confirmation of the Plan, CFD 1990-1, on October 21, 2015, filed a Confirmation Memorandum and Declaration of Martin Polt in Support of Confirmation of the Plan ("Polt Dec."). Dkt No. 117.  Filed concurrently with this Supplemental Confirmation Memorandum are the Declaration of Debra A. Riley regarding the tabulation and certification of the ballots voting to accept or reject the Plan; the Declaration of

---

[1]    Capitalized terms not defined herein have the meanings ascribed to them in the Plan.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835996.01/SD

SUPP MEMO OF LAW IN SUPPORT
OF CONFIRMATION OF AMENDED
PLAN OF ADJUSTMENT OF DEBTS

Kelly Simoneau, the Escrow Holder, regarding Nevco's deposit of $1,913,450 into the Escrow to fund the Purchase Price and the 2014-15 Property Taxes pursuant to the terms of the Settlement Agreement ("Simoneau Dec."); and the Supplemental Declaration of Martin Polt in support of confirmation of the Plan ("Supp. Polt Dec.").

### III.  THE PLAN SHOULD BE CONFIRMED

**A.  CFD 1990-1 has Satisfied all Applicable Confirmation Requirements Set Forth in Section 943(b)(1) of the Bankruptcy Code**

The Plan complies with the provisions of the Bankruptcy Code made applicable by sections 103(e) and 901 of the Bankruptcy Code.  As set forth in the Confirmation Memorandum, CFD 1990-1 has complied with sections 1122, 1123(a)(1), 1123(a)(3), 1123(a)(4), 1123(a)(5), 1123(b)(i), 1123(b)(3), 1124, 1125, 1126(a), 1126(c), 1127(d), 1128, 1129(a)(2), 1129(a)(3), 1129(a)(6) and 1129(10) of the Bankruptcy Code.  As demonstrated below, CFD 1990-1 has also complied with section 1129(a)(8) of the Bankruptcy Code.  Section 1129(b) of the Bankruptcy Code (known as the "cramdown" provision) is not relevant since all Classes of Claims under the Plan voted in favor of the Plan.

> 1.  Section 1129(a)(8):  The Plan Has Been Accepted by All Classes Whose Acceptance is Required

Subject to the exceptions set forth in section 1129(b), section 1129(a)(8) requires that each class of claims or interests vote to accept a plan or that such class is not impaired under a plan. 11 U.S.C. § 1129(a)(8).  An impaired class of claims accepts the plan if the holders of at least two-thirds in dollar amount and more than one-half in number, in each case of only the voted claims (*i.e.*, not counting those claims that fail to vote on the plan), vote to accept the plan. 11 U.S.C. § 1126(c).

Claims in Classes 1 and 2 are Impaired under the Plan and as such, those Classes were entitled to vote.  As indicated above, the Bondholders in Class 1 and the County in Class 2 had until October 26, 2015, to cast their respective vote to accept or reject the Plan. Dkt. No. 111, ¶ 10. As reflected on the Voting Tabulation Form and the Riley Dec., paragraph 12, Classes 1 and 2

overwhelmingly voted to accept the Plan. A summary of the voting results for Class 1 and Class 2 are as follows:

| Class | Number of Claimants Voting Yes; Percentage of Yes Votes | Number of Claimants Voting No; Percentage of No Votes | Monetary Amount of Claims Voting Yes; Percentage of Yes Votes | Monetary Amount of Claims Voting No; Percentage of No Votes |
|---|---|---|---|---|
| 1 | 22 votes; 95.6% | 1 vote; .4% | $3,615,000[2]; 99.7% | $10,000; .3% |
| 2 | 1 vote 100% | | $117,757 100% | |

Based on the voting results, the Plan, therefore, complies with the requirement set forth in section 1129(a)(8) of the Bankruptcy Code.

           2.     Section 1129(b): Confirmation of the Plan Over the Non-Acceptance of Impaired Classes

Section 1129(b) authorizes the court to confirm a plan even if all impaired classes have not accepted the plan (a "cramdown"), provided that the plan has been accepted by at least one impaired class and that "the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1129(b)(1). As noted above, section 1129(b) is not relevant because the two Impaired Classes voted in favor of the Plan. There are no junior Classes of Claims under the Plan[3] (and no Interests in a chapter 9 case).

**B.**     **CFD 1990-1 Has Satisfied All the Applicable Confirmation Requirements Set Forth in Sections 943(b)(2) through 943(b)(7) of the Bankruptcy Code**

The Plan complies with the provisions of Chapter 9 of the Bankruptcy Code and the remaining provisions set forth in section 943(b). As set forth in the Confirmation Memorandum, CFD 1990-1 has complied with sections 943(b)(2), 943(b)(4), and 943(b)(5), and section 943(b)(6) is not applicable. Further, as demonstrated in the Confirmation Memorandum and the Polt Dec., consummation of the Plan is in the best interest of creditors, CFD 1990-1 and parties-in-interest.

---

[2]   Note that holders of the Bonds holding 75.2% of the amount of Bonds voted on the Plan.

[3]   Note that no proofs of claim were filed in the Chapter 9 Case other than one from the County and one from the Fiscal Agent on behalf of the Bondholders.

As demonstrated below, CFD 1990-1 has also complied with section 943(b)(3) of the Bankruptcy Code and the Plan is feasible.

1.     Section 943(b)(3):  All Amounts to be Paid by CFD 1990-1 or by Any Person for Services or Expenses in the Case Have Been Fully Disclosed and Are Reasonable

Section 943(b) provides as a condition to confirmation of a Chapter 9 plan that "all amounts to be paid by the debtor or by any person for services or expenses in the case or incident to the plan have been fully disclosed and are reasonable."  11 U.S.C. § 943(b)(3).  While this section requires the disclosure of the payment of CFD 1990-1's expenses, "it does not authorize the allowance of, or require payment of, compensation for services provided to, or reimbursement of expenses incurred by, the debtor.  The debtor's obligation to pay for services rendered and expenses incurred is governed by non bankruptcy law."  See 6 *Collier* ¶ 943.03[3].  As provided in the Confirmation Memorandum, CFD 1990-1 has been paying its professionals, the Fiscal Agent, the Fiscal Agent's counsel, and County staff in the ordinary course on a current basis.  Polt Dec., ¶ 61.  In summary, CFD 1990-1 has paid the following expenses from the funds in Surety Bond Proceeds Account since the commencement of the Chapter 9 Case:

| | |
|---|---|
| Filing Fee | $1,717.00 |
| Bankruptcy Counsel: | |
|     Bankruptcy Planning & Settlement | 63,577.99 |
|     Post-Bankruptcy Matters | 155,335.83 |
| Bond Counsel | 7,225.50 |
| Fiscal Agent & Counsel | 36,697.00 |
| County Counsel & Staff | 11,008.36 |
| Appraisal | 5,000.00 |
| Publication Costs | 9,032.06 |
| Bondholder Mailings & Printing of Disclosure Statement | 6,054.45 |
| Miscellaneous | 162.21 |
| Total | $295,810.40 |

All invoices received for services and expenses incurred by CFD 1990-1 through October 31, 2015 have been paid.  CFD 1990-1 will continue to pay its professionals, the Fiscal Agent, the Fiscal

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835996.01/SD                              -4-

SUPP MEMO OF LAW IN SUPPORT
OF CONFIRMATION OF AMENDED
PLAN OF ADJUSTMENT OF DEBTS

Agent's counsel, and County staff on a current basis and does not expect there will be any future payments that fall within the ambit of section 943(b)(3).[4] Supp. Polt Dec., ¶ 6. Accordingly, CFD 1990-1 has satisfied the requirements of this section of the Bankruptcy Code.

2.      <u>Section 943(b)(7): The Plan is Feasible</u>

CFD 1990-1 has the ability to make the payments required under the Plan and to maintain post-confirmation operations, as necessary. Accordingly, the Plan is feasible. *See 6 Collier* ¶ 943.03[7][b]. As provided in the Confirmation Memorandum, consummation of the Settlement Agreement will provide CFD 1990-1 with the funds necessary to make the distributions under the Plan. As demonstrated by the Simoneau Dec. at paragraph 2, Nevco deposited $1,913,450 into the Escrow on November 4, 2015, to fund the Purchase Price for the Property and the 2014-15 Property Tax payment. The remainder of the funds necessary to consummate the Plan, in an amount between $450,000 and $550,000,[5] will be delivered to the Escrow Holder by the County within 10-days of the Closing, which is expected to occur within a couple of days after the Effective Date of Plan. Supp. Polt Dec., ¶ 8. Currently, CFD 1990-1 anticipates that the funds that will be delivered to the Escrow Holder will be on the higher end of that range, thereby providing for a distribution to Bondholders of approximately 30% of the principal amount of their Bonds. Supp. Polt Dec., ¶ 9.

Based on the foregoing, CFD 1990-1 submits that the Plan is feasible.

---

[4]    In connection with the closing of the Settlement Agreement, the funds in the Surety Bond Proceeds Account, less CFD 1990-1's estimated necessary funds to pay all remaining fees and expenses to consummate the Plan and close the Chapter 9 Case, will be delivered to the Escrow Holder so she can make the distribution as required under the Plan to the Fiscal Agent. At this time, CFD 1990-1 estimates the funds that will be available in the Surety Bond Proceeds Account for delivery to the Escrow Holder will be the high-end of the range of $400,000 to $500,000. Supp. Polt Dec, ¶ 7.

[5]    Consisting of the balance in the Surety Bond Proceeds Account and the Other Accounts.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835996.01/SD      -5-

SUPP MEMO OF LAW IN SUPPORT
OF CONFIRMATION OF AMENDED
PLAN OF ADJUSTMENT OF DEBTS

## IV.     CONCLUSION

For all of the reasons set forth above and included in the Confirmation Memorandum, the Plan meets all of the requirements set forth in section 943(b) and should be confirmed. A copy of the proposed order confirming the Plan is attached hereto as Exhibit A.

Dated:  November 5, 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:      /s/ Debra A. Riley
DEBRA A. RILEY
Attorneys for Debtor
COMMUNITY FACILITIES DISTRICT
NO. 1990-1 (WILDWOOD ESTATES),
NEVADA COUNTY, CALIFORNIA

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835996.01/SD                    -6-

SUPP MEMO OF LAW IN SUPPORT
OF CONFIRMATION OF AMENDED
PLAN OF ADJUSTMENT OF DEBTS

**PROPOSED ORDER
CONFIRMING THE PLAN**

# EXHIBIT A

DEBRA A. RILEY (BAR NO. 151925)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone:  (619) 233-1155
Fax:  (619) 233-1158
E-Mail:  driley@allenmatkins.com

Attorneys for Debtor
COMMUNITY FACILITIES DISTRICT NO. 1990-1
(WILDWOOD ESTATES), NEVADA COUNTY,
CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 2015-23888 |
| COMMUNITY FACILITIES DISTRICT NO. 1990-1 (WILDWOOD ESTATES), NEVADA COUNTY, CALIFORNIA,, | Chapter 9 <br><br> DCN:  AM-7 |
| Debtor. | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING AMENDED PLAN FOR ADJUSTMENT OF DEBTS FOR THE COMMUNITY FACILITIES DISTRICT NO. 1990-1 (WILDWOOD ESTATES), NEVADA COUNTY, CALIFORNIA** |
| | Date:       November 18, 2015 <br> Time:       11:00 a.m. <br> Place:      United States Courthouse <br>                501 I Street, Dept. D, Ctrm. 34 <br>                Sacramento, California 95814 <br> Judge:     Hon. Robert S. Bardwil |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835946.01/SD

FINDINGS OF FACT, CONCLUSIONS OF
LAW, AND ORDER CONFIRMING AMENDED
PLAN FOR ADJUSTMENT OF DEBTS

## RECITALS[1]

A.      On May 13, 2015 ("Petition Date"), Community Facilities District 1990-1 (Wildwood Estates), Nevada County, California ("CFD 1990-1") filed a petition under chapter 9 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of California, Sacramento Division ("Court").

B.      On June 25, 2015, the Order for Relief in the Chapter 9 Case was entered by the Court.  Dkt. No. 61.

C.      On July 16, 2015, the Court entered an order ("Bar Date Order"), which, among other things, established August 24, 2015 ("Bar Date"), as the date by which proofs of claims against CFD 1990-1 had to be filed and approved the form of notice ("Bar Date Notice"). Dkt. No. 68.

D.      In accordance with the Bar Date Order, on July 17 and 20, 2015, and as set forth in more detail in the Declaration of Debra A. Riley Regarding Service of Notice of Bar Date (Dkt. No. 72), CFD 1990-1 and its agents, Broadridge Financial Solutions, Inc. ("Broadridge") and/or Mediant Communications, Inc. ("Mediant"),[2] served the Bar Date Notice on all creditors, including the beneficial and registered owners of the Bonds and the Nevada County ("County"). In addition, the Bar Date Notice was published in the Union.

E.      As of the date hereof, only two proofs of claim have been filed.  The first by the Fiscal Agent on behalf of the holders of Special Tax Bonds, Series E-1990 (Base CUSIP® No. 64126M) ("Bonds") in the current principal amount of $4,840,000 secured by a special tax lien on the property within the boundaries of CFD 1990-1 (Claim No. 1) and the second by the County for unreimbursed amounts paid by the County to satisfy the administrative expenses of CFD 1990-1 for the past several years, which amounts are also secured by the special tax lien on the property within the boundaries of CFD 1990-1 (Claim No. 2).

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed in the Plan.

[2]   Investor communications companies used by DTC Participants to deliver communications (including notices in bankruptcy cases) to their respective clients, the beneficial owners of the public security at issue.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835946.01/SD

FINDINGS OF FACT, CONCLUSIONS OF
LAW, AND ORDER CONFIRMING AMENDED
PLAN FOR ADJUSTMENT OF DEBTS

F.      On August 12, 2015, CFD 1990-1 filed, among other things, (i) the Plan for Adjustment of Debts for the Community Facilities District No. 1990-1 (Wildwood Estates), Nevada County, California (Dkt. No. 74) (as modified on September 2, 2015 [Dkt. No. 91] and as amended on September 10, 2015 [Dkt. No. 102] and as may be further amended, supplemented, or otherwise modified from time to time, the "Plan") and (ii) a disclosure statement with respect to the Plan (Dkt. No. 75) (as modified on September 2, 2015 [Dkt. No. 93] and amended on September 10, 2015 [Dkt. No. 104], the "Disclosure Statement").

G.      Exhibit A to the Plan is the Settlement Agreement dated April 28, 2015, by and among the County of Nevada, CFD 1990-1, Wildwood Resolutions LLC, and Nevco Land Acquisition, LLC ("Settlement Agreement").

H.      On September 11, 2015, the Court entered the Order Shortening Notice Period for Filing Objections to Adequacy of Disclosure Statement (Dkt. No. 110).

I.      On September 11, 2015, the Court entered an order ("Solicitation Approval Order") (Dkt. No. 111) approving the Disclosure Statement, the notice of confirmation hearing ("Confirmation Notice"), the form of ballots, and established October 26, 2015, as the deadline to cast votes to accept or reject the Plan ("Voting Deadline") and to file objections to the Plan.

J.      On September 17, 18, and 21, 2015, pursuant to the Solicitation Approval Order, CFD 1990-1 served, or caused its agents, Broadridge and Mediant (collectively, "Solicitation Agents") to serve, by mail the following:  (a) the Disclosure Statement, (b) the Plan (attached as Exhibit A to the Disclosure Statement); (c) a form of Ballot, with instructions, approved by the Court; (d) the Confirmation Notice; and (e) a self-addressed envelope for the return of the Ballot (collectively, "Solicitation Package") on interested parties entitled to vote on the Plan with a record date of September 9, 2015.  *See* Declaration of Debra A. Riley in Support of Confirmation of CFD 1990-1's Amended Plan for Adjustment of Debts Dated September 9, 2015 ("Service Declaration").  Dkt No. 118.

K.      On October 21, 2015, CFD 1990-1 filed a memorandum of law in support of confirmation of the Plan (Dkt. No. 116) ("Confirmation Memorandum") and the supporting declaration of Martin Polt (Dkt. No. 118) ("Polt Declaration").

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835946.01/SD                    -2-

FINDINGS OF FACT, CONCLUSIONS OF
LAW, AND ORDER CONFIRMING AMENDED
PLAN FOR ADJUSTMENT OF DEBTS

L.   On November 5, 2015, CFD 1990-1 filed the declaration of Debra A. Riley attesting and certifying the method and results of the Ballot and Master Ballot tabulation for the Classes of Claims entitled to vote to accept or reject the Plan ("Voting Declaration").

M.   On November 5, 2015, CFD 1990-1 filed a supplemental memorandum of law in support of confirmation ("Supplemental Confirmation Memorandum"), the supporting declaration of Kelly Simoneau ("Simoneau Dec.") and the supplemental declaration of Martin Polt ("Supp. Polt Dec.," with the Polt Dec. and the Simoneau Dec., the "Confirmation Declarations").

N.   The Confirmation Hearing was held before this Court on November 18, 2015, at 11:00 a.m.

O.   No objections to confirmation of the Plan were filed or raised at the Confirmation Hearing.

NOW, THEREFORE, this Court having reviewed and considered the Disclosure Statement, the Plan, the Settlement Agreement, and the documents contained therein, the Service Declaration, the Voting Declaration, the Confirmation Memorandum, the Supplemental Confirmation Memorandum and the Confirmation Declarations; this Court determining no objections to the Plan and the Settlement Agreement were filed or raised; the Court having heard the statements of counsel in support of confirmation of the Plan at the Confirmation Hearing; this Court having considered all evidence admitted at the Confirmation Hearing; this Court having taken judicial notice of the papers and pleadings on file in this Chapter 9 Case; it appearing to this Court that notice of the Confirmation Hearing was adequate, sufficient, and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby and the legal and factual bases presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon, and good cause appearing therefor, this Court hereby FINDS, DETERMINES, AND CONCLUDES that:

**1.   Findings of Fact and Conclusions of Law**

The findings of fact and conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014.  To the extent any finding shall be

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835946.01/SD                    -3-

FINDINGS OF FACT, CONCLUSIONS OF
LAW, AND ORDER CONFIRMING AMENDED
PLAN FOR ADJUSTMENT OF DEBTS

determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

### 2.    Exclusive Jurisdiction and Venue

This Court has jurisdiction over this Chapter 9 Case pursuant to 28 U.S.C. sections 157 and 1334.  Venue in the United States Bankruptcy Court for the Eastern District of California, Sacramento Division, was proper as of the Petition Date and continues to be proper.  Confirmation of the Plan is a core proceeding under 28 U.S.C. section 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

### 3.    Judicial Notice

This Court takes judicial notice of (and deems admitted into evidence for purposes of confirmation of the Plan) the docket of this Chapter 9 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at, the hearings held before this Court during the pendency of the Chapter 9 Case.

### 4.    Notice

As evidenced by the Service Declaration, due, adequate, timely, and sufficient notice of the Disclosure Statement, Plan, and Confirmation Hearing, together with all deadlines for voting on or objecting to the Plan have been given to, *inter alia*, all known holders of Claims and parties that requested notice in accordance with Bankruptcy Rule 2002, in substantial compliance with the Solicitation Procedures Order and Bankruptcy Rules 2002(b), 3017, and 3020(b), and no other or further notice is or shall be required.

### 5.    Solicitation

Votes for acceptance or rejection of the Plan were solicited and tabulated in good faith and such solicitation complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures Order, and all other applicable rules, laws, and regulations.  The transmittal and service of the Solicitation Packages, including the Ballots and Master Ballots, were

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835946.01/SD                    -4-

FINDINGS OF FACT, CONCLUSIONS OF
LAW, AND ORDER CONFIRMING AMENDED
PLAN FOR ADJUSTMENT OF DEBTS

adequate and sufficient. All procedures used to distribute solicitation materials to holders of Claims were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court and all other applicable rules, laws, regulations and orders. CFD 1990-1, the County, and their respective officials, employees, agents, attorneys, and financial advisors, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and exculpation provisions set forth in Article 10 of the Plan.

**6.     Burden of Proof**

CFD 1990-1, as proponent of the Plan, has met its burden of proving the elements of section 943(b) of the Bankruptcy Code by a preponderance of the evidence.

**7.     Compliance with the Requirements of Bankruptcy Code Section 943(b)(1)**

The Plan complies with the applicable provisions of the Bankruptcy Code made applicable by sections 103 and 901 of the Bankruptcy Code, thereby satisfying section 943(b)(1) of the Bankruptcy Code. Specifically, the Plan complies with sections 1122, 1123(a)(1), 1123(a)(3), 1123(a)(4), 1123(a)(5), 1123(b)(2), 1123(b)(3), 1124, 1125, 1126, 1127, 1128, 1129(a)(2), 1129(a)(3), 1129(a)(6), 1129(a)(8), 1129(a)(10), and 1129(b).

**8.     Settlement Agreement is Fair and Reasonable**

Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the Settlement Agreement is fair, equitable, and reasonable and has been entered into in good faith by the parties thereto. Implementation of the Settlement Agreement through the Plan is in the best interests of CFD 1990-1 and its creditors (the Bondholders and the County).

**9.     The Plan has been Proposed in Good Faith and Not by Any Means Forbidden by Law**

In accordance with section 1129(a)(3), the Plan has been proposed in good faith and not by any means forbidden by law. No objections have been filed to the Plan on the grounds of lack of good faith. Pursuant to Bankruptcy Rule 3020(b)(2), the Court may therefore determine that the

Plan has been proposed in good faith and not by any means prohibited by law without receiving evidence on such issues. Notwithstanding the foregoing, CFD 1990-1's good faith is evidenced from the facts and record of the Chapter 9 Case, the adequacy of disclosure in the Disclosure Statement, its good faith participation in the AB 506 Process, and the record of the Confirmation Hearing and other proceedings and hearings held in this case. The Plan was proposed with the legitimate, good faith and honest purpose of allowing CFD 1990-1 to adjust its debts and pay its creditors, the Bondholders and the County. The Plan is feasible and CFD 1990-1 is not prohibited by law to take any action necessary to carry out the terms of the Plan. Accordingly, the Plan is consistent with the objectives of the Bankruptcy Code and satisfies section 1129(a)(3) of the Bankruptcy Code.

### 10.    The Plan has Been Accepted by all Impaired Classes

As set forth in the Voting Declaration, the Plan has been accepted by all Classes entitled to vote on the Plan as follows:

| Class | Number of Claimants Voting Yes; Percentage of Yes Votes | Number of Claimants Voting No; Percentage of No Votes | Monetary Amount of Claims Voting Yes; Percentage of Yes Votes | Monetary Amount of Claims Voting No; Percentage of No Votes |
|---|---|---|---|---|
| 1 | 22 votes; 95.6% | 1 vote; .4% | $3,615,000; 99.7% | $10,000; .3% |
| 2 | 1 vote 100% | | $117,757 100% | |

Based on the voting results, the Plan complies with the requirement set forth in sections 1129(a)(8) and 1129(10) of the Bankruptcy Code.

### 11.    Compliance with the Requirements of Bankruptcy Code Section 943(b)(2) through Section 943(b)(7)

The Plan complies with the provisions of Chapter 9 of the Bankruptcy Code and Sections 943(b)(3), 943(b)(4), and 943(b)(5) of the Bankruptcy Code. The Plan is in the best interest of creditors and is feasible as required under Section 943(b)(7) of the Bankruptcy Code.

### 12.    Section 943(b)(7) — Best Interest and Feasibility

The information in the Disclosure Statement, the Confirmation Memorandum and Supplemental Memorandum, the Confirmation Declarations and the evidence proffered or

adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is in the best interest of creditors and CFD 1990-1 and is feasible. The evidence demonstrates that CFD 1990-1 will meet its financial obligations under the Plan and have sufficient resources to operate, as necessary, post-confirmation, thereby satisfying the requirements of section 943(b)(7) of the Bankruptcy Code.

### 13. Retention of Jurisdiction

This Court may properly, and upon the Effective Date shall, retain jurisdiction over all matters arising out of, and related to, the Chapter 9 Case and the Plan set forth in Article 12 of the Plan, to the fullest extent permitted by law.

**ACCORDINGLY, BASED ON THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED:**

### A. Settlement Agreement

Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration of the deliveries and other good and valuable consideration set forth in the Settlement Agreement, the provisions of the Settlement Agreement constitute a good faith compromise and settlement of all claims and controversies by and among the parties thereto and, accordingly is hereby approved in its entirety. CFD 1990-1 is authorized to settle with the County, Wildwood and Nevco in accordance with the terms of the Settlement Agreement and is authorized to take any and all actions necessary or appropriate to implement the settlement.

### B. Confirmation of the Plan

The Plan and exhibit thereto consisting of the Settlement Agreement, are approved in their entirety and confirmed under section 943(b) of the Bankruptcy Code. The terms of the Plan and the Settlement Agreement are incorporated by reference into and are an integral part of this Confirmation Order.

### C. Authorization to Take Acts Necessary to Implement Plan and Settlement Agreement

Pursuant to section 1142(b) of the Bankruptcy Code, subject to any required authorization by the Board of Supervisors, each of the officials and employees of the County and/or

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835946.01/SD          -7-

FINDINGS OF FACT, CONCLUSIONS OF
LAW, AND ORDER CONFIRMING AMENDED
PLAN FOR ADJUSTMENT OF DEBTS

CFD 1990-1 is authorized to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to promote, effectuate, implement and further evidence the terms and provisions of this Plan and the Settlement Agreement.

### D. Cancellation of Property Tax Penalties, Interests, and Costs

All penalties, interest, costs and other charges that have accrued on delinquent Property Taxes levied against the Property through the date of the Closing of the sale of the Property are hereby cancelled and extinguished.

### E. General Settlement of Claims of Bondholders and County

Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies relating to the contractual and legal rights that a holder of a Claim may have with respect to such Claim or any distribution to be made on account of such Claim. The entry of this Confirmation Order constitutes this Court's approval of the compromise or settlement of all such Claims or controversies and this Court's finding that such compromise or settlement is in the best interests of CFD 1990-1, the holders of Claims, and is fair, equitable, and reasonable.

### F. Cancellation of Bonds and Related Documents

From and after the Effective Date, the Bonds shall represent solely the right to receive the Distribution provided in Section 5.1 of the Plan. The Bonds, the Indenture and all documentation related thereto and all past-due and future obligations of CFD 1990-1, the County and the Fiscal Agent under or in respect of the Bonds, Indenture and related documents shall be deemed automatically cancelled, extinguished, and surrendered, shall be of no further force, whether actually surrendered for cancellation or otherwise, and the obligations of CFD 1990-1 under such documents shall be terminated and extinguished as of the Effective Date.

### G. Provisions Regarding Distributions

The provisions contained in Articles 7 of the Plan, including, without limitation, the provisions governing distributions, are found to be reasonable and are hereby approved.

### H. Governmental Approvals Not Required

This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan, the Settlement Agreement and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and the Settlement Agreement.

### I. Discharge

Pursuant to section 944 of the Bankruptcy Code, upon the Effective Date, CFD 1990-1 shall be discharged from all Claims against CFD 1990-1 other than any Claim specifically and expressly excepted from discharge by the Plan or the Confirmation Order. The rights afforded in the Plan and the treatment of all holders of Claims, whether such Claims are Impaired or Unimpaired under the Plan, will be in exchange for and in complete satisfaction, discharge, and release of all Claims of any nature whatsoever arising on or before the Effective Date, known or unknown, including any interest accrued or expenses incurred thereon from and after the Petition Date, whether against CFD 1990-1 or any of its assets or interests in property. Except as otherwise provided herein, upon the Effective Date, all Pre-Effective Date Claims will be and shall be deemed to be satisfied, discharged, and released in full, whether they are Impaired or Unimpaired under this Plan.

### J. Injunction

All entities who have held, hold, or may hold Pre-Effective Date Claims shall be permanently enjoined from and after the Confirmation Date from: (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Pre-Effective Date Claim against CFD 1990-1 or its property; (ii) enforcing, attaching, collecting, or recovering

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835946.01/SD -9-

FINDINGS OF FACT, CONCLUSIONS OF
LAW, AND ORDER CONFIRMING AMENDED
PLAN FOR ADJUSTMENT OF DEBTS

by any manner or means any judgment, award, decree, or order against CFD 1990-1 or its property with respect to such Pre-Effective Date Claim; (iii) creating, perfecting, or enforcing any lien or encumbrance of any kind against CFD 1990-1 or its property; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due to CFD 1990-1 with respect to any such Pre-Effective Date Claim, except as otherwise permitted by section 553 of the Bankruptcy Code.

### K. Exculpation

Except with respect to obligations specifically arising pursuant to or preserved in this Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, cause of action or liability for any claim in connection with or arising prior to or on the Effective Date for any act taken or omitted to be taken in connection with, or related to, (i) the administration of the Chapter 9 Case, (ii) the negotiation, pursuit, confirmation, solicitation of votes for, consummation or implementation of the Plan, (iii) the administration of the Plan or property to be distributed under the Plan, (iv) the AB 506 process, (v) the Settlement Agreement, (vi) any document, release, contract, or other instrument entered into in connection with, or relating to, the Plan or the settlements referenced within the Plan, or (vii) any other transaction contemplated by, or entered into, in connection with the Plan; provided, however, that nothing in this Section 10.4 shall be deemed to release or exculpate any Exculpated Party for its willful misconduct or gross negligence. In all respects, each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan.

### L. Continuation of Automatic Stay

Unless otherwise provided, all injunctions or stays provided for in the Chapter 9 Case pursuant to sections 105, 362, or 922 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect until the Effective Date.

### M. Modifications to Plan

The Plan may be modified upon motion of CFD 1990-1, or corrected by CFD 1990-1 prior to the Effective Date, without notice and a hearing and without additional disclosure pursuant to

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835946.01/SD                    -10-

FINDINGS OF FACT, CONCLUSIONS OF
LAW, AND ORDER CONFIRMING AMENDED
PLAN FOR ADJUSTMENT OF DEBTS

section 942 of the Bankruptcy Code provided that, after notice to all parties who have filed and served a request for special notice in the Chapter 9 Case, the Bankruptcy Court finds that such modification does not materially, adversely affect the holders of the Bonds or the County.

**N.      Notice of Entry of Confirmation Order**

As soon as practicable following the date of entry of this Confirmation Order, CFD 1990-1 shall serve notice of entry of the Confirmation Order, substantially in the form annexed hereto as Exhibit A ("Confirmation Notice"), upon all parties on the Special Notice List and the Registered Owners of the Bonds.  The form of Confirmation Notice is hereby approved.  Service of the Confirmation Notice as provided herein shall constitute good and sufficient notice pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) of entry of this Confirmation Order and, except as provided herein, no other or further notice need be given.

**O.      Notice of the Effective Date**

Within 10 days after the occurrence of the Effective Date, CFD 1990-1 shall file notice of the Effective Date with this Court and shall serve or cause a notice of the occurrence of the Effective Date of the Plan substantially in the form annexed hereto as Exhibit B ("Effective Date Notice") upon all parties that received notice of the Confirmation Hearing, including the Beneficial Owners of the Bonds.  The form of Effective Date Notice is hereby approved.  Service of the Effective Date Notice as provided herein shall be good and sufficient notice of the occurrence of the Effective Date under Bankruptcy Rule 2002(l).

**P.      Provisions of Plan and Order Nonseverable and Mutually Dependent**

The provisions of the Plan as confirmed by this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

**Q.      References to Plan Provisions**

The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be confirmed in its entirety.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835946.01/SD

-11-

FINDINGS OF FACT, CONCLUSIONS OF
LAW, AND ORDER CONFIRMING AMENDED
PLAN FOR ADJUSTMENT OF DEBTS

**R.**      **Effectiveness of Order**

This Confirmation Order is intended to be a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

Dated: _____     _____

                                        Hon. Robert S. Bardwil
                                        Judge, United States Bankruptcy Court

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

835946.01/SD

-12-

FINDINGS OF FACT, CONCLUSIONS OF
LAW, AND ORDER CONFIRMING AMENDED
PLAN FOR ADJUSTMENT OF DEBTS