Case 15-23888    Filed 11/23/15    Doc 129

DEBRA A. RILEY (BAR NO. 151925)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: driley@allenmatkins.com

Attorneys for Debtor
COMMUNITY FACILITIES DISTRICT NO. 1990-1
(WILDWOOD ESTATES), NEVADA COUNTY,
CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 2015-23888 |
| COMMUNITY FACILITIES DISTRICT NO. 1990-1 (WILDWOOD ESTATES), NEVADA COUNTY, CALIFORNIA,, | Chapter 9 |
| | DCN: AM-7 |
| Debtor. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING AMENDED PLAN FOR ADJUSTMENT OF DEBTS FOR THE COMMUNITY FACILITIES DISTRICT NO. 1990-1 (WILDWOOD ESTATES), NEVADA COUNTY, CALIFORNIA** |
| | Date:  November 18, 2015<br>Time:  11:00 a.m.<br>Place:  United States Courthouse<br>         501 I Street, Dept. D, Ctrm. 34<br>         Sacramento, California 95814<br>Judge:  Hon. Robert S. Bardwil |

RECEIVED
November 20, 2015
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0005673614

# RECITALS[1]

A. On May 13, 2015 ("Petition Date"), Community Facilities District 1990-1 (Wildwood Estates), Nevada County, California ("CFD 1990-1") filed a petition under chapter 9 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of California, Sacramento Division ("Court").

B. On June 25, 2015, the Order for Relief in the Chapter 9 Case was entered by the Court. Dkt. No. 61.

C. On July 16, 2015, the Court entered an order ("Bar Date Order"), which, among other things, established August 24, 2015 ("Bar Date"), as the date by which proofs of claims against CFD 1990-1 had to be filed and approved the form of notice ("Bar Date Notice"). Dkt. No. 68.

D. In accordance with the Bar Date Order, on July 17 and 20, 2015, and as set forth in more detail in the Declaration of Debra A. Riley Regarding Service of Notice of Bar Date (Dkt. No. 72), CFD 1990-1 and its agents, Broadridge Financial Solutions, Inc. ("Broadridge") and/or Mediant Communications, Inc. ("Mediant"),[2] served the Bar Date Notice on all creditors, including the beneficial and registered owners of the Bonds and Nevada County ("County"). In addition, the Bar Date Notice was published in the Union.

E. As of the date hereof, only two proofs of claim have been filed. The first by the Fiscal Agent on behalf of the holders of Special Tax Bonds, Series E-1990 (Base CUSIP® No. 64126M) ("Bonds") in the current principal amount of $4,840,000 secured by a special tax lien on the property within the boundaries of CFD 1990-1 (Claim No. 1) and the second by the County for unreimbursed amounts paid by the County to satisfy the administrative expenses of CFD 1990-1 for the past several years, which amounts are also secured by the special tax lien on the property within the boundaries of CFD 1990-1 (Claim No. 2).

---

[1] Capitalized terms not defined herein shall have the meanings ascribed in the Plan.

[2] Investor communications companies used by DTC Participants to deliver communications (including notices in bankruptcy cases) to their respective clients, the beneficial owners of the public security at issue.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

835946.03/SD

FINDINGS OF FACT AND CONCLUSIONS
OF LAW IN SUPPORT OF ORDER
CONFIRMING AMENDED

F. On August 12, 2015, CFD 1990-1 filed, among other things, (i) the Plan for Adjustment of Debts for the Community Facilities District No. 1990-1 (Wildwood Estates), Nevada County, California (Dkt. No. 74) (as modified on September 2, 2015 [Dkt. No. 91] and as amended on September 10, 2015 [Dkt. No. 102] and as may be further amended, supplemented, or otherwise modified from time to time, the "Plan") and (ii) a disclosure statement with respect to the Plan (Dkt. No. 75) (as modified on September 2, 2015 [Dkt. No. 93] and amended on September 10, 2015 [Dkt. No. 104], the "Disclosure Statement").

G. Exhibit A to the Plan is the Settlement Agreement dated April 28, 2015, by and among the County of Nevada, CFD 1990-1, Wildwood Resolutions LLC, and Nevco Land Acquisition, LLC ("Settlement Agreement").

H. On September 11, 2015, the Court entered the Order Shortening Notice Period for Filing Objections to Adequacy of Disclosure Statement (Dkt. No. 110).

I. On September 11, 2015, the Court entered an order ("Solicitation Approval Order") (Dkt. No. 111) approving the Disclosure Statement, the notice of confirmation hearing ("Confirmation Notice"), the form of ballots, and established October 26, 2015, as the deadline to cast votes to accept or reject the Plan ("Voting Deadline") and to file objections to the Plan.

J. On September 17, 18, and 21, 2015, pursuant to the Solicitation Approval Order, CFD 1990-1 served, or caused its agents, Broadridge and Mediant (collectively, "Solicitation Agents") to serve, by mail the following: (a) the Disclosure Statement, (b) the Plan (attached as Exhibit A to the Disclosure Statement); (c) a form of Ballot, with instructions, approved by the Court; (d) the Confirmation Notice; and (e) a self-addressed envelope for the return of the Ballot (collectively, "Solicitation Package") on interested parties entitled to vote on the Plan with a record date of September 9, 2015. *See* Declaration of Debra A. Riley in Support of Confirmation of CFD 1990-1's Amended Plan for Adjustment of Debts Dated September 9, 2015 ("Service Declaration"). Dkt No. 118.

K. On October 21, 2015, CFD 1990-1 filed a memorandum of law in support of confirmation of the Plan (Dkt. No. 116) ("Confirmation Memorandum") and the supporting declaration of Martin Polt (Dkt. No. 118) ("Polt Declaration").

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

835946.03/SD

-2-

FINDINGS OF FACT AND CONCLUSIONS
OF LAW IN SUPPORT OF ORDER
CONFIRMING AMENDED

L.      On November 5, 2015, CFD 1990-1 filed the declaration of Debra A. Riley attesting and certifying the method and results of the Ballot and Master Ballot tabulation for the Classes of Claims entitled to vote to accept or reject the Plan (Dkt. No. 120, as amended by that certain errata at Docket No. 125) ("Voting Declaration").

M.      On November 5, 2015, CFD 1990-1 filed a supplemental memorandum of law in support of confirmation (Dkt. No. 123, as amended by that certain errata at Docket No. 125) ("Supplemental Confirmation Memorandum"), the supporting declaration of Kelly Simoneau ("Simoneau Dec.") and the supplemental declaration of Martin Polt ("Supp. Polt Dec.," with the Polt Dec. and the Simoneau Dec., the "Confirmation Declarations").

N.      The Confirmation Hearing was held before this Court on November 18, 2015, at 11:00 a.m.

O.      No objections to confirmation of the Plan were filed or raised at the Confirmation Hearing.

NOW, THEREFORE, this Court having reviewed and considered the Disclosure Statement, the Plan, the Settlement Agreement, and the documents contained therein, the Service Declaration, the Voting Declaration, the Confirmation Memorandum, the Supplemental Confirmation Memorandum and the Confirmation Declarations; this Court determining no objections to the Plan and the Settlement Agreement were filed or raised; the Court having heard the statements of counsel in support of confirmation of the Plan at the Confirmation Hearing; this Court having considered all evidence submitted at or before the Confirmation Hearing, including, without limitation, the Confirmation Declarations; this Court having taken judicial notice of the papers and pleadings on file in this Chapter 9 Case; it appearing to this Court that notice of the Confirmation Hearing was adequate, sufficient, and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby and the legal and factual bases presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon, and good cause appearing therefor, this Court hereby FINDS, DETERMINES, AND CONCLUDES that:

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

835946.03/SD                                                -3-

FINDINGS OF FACT AND CONCLUSIONS
OF LAW IN SUPPORT OF ORDER
CONFIRMING AMENDED

1. **Findings of Fact and Conclusions of Law**

~~The findings of fact and conclusions of law stated in the Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014.~~ To the extent any finding shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

2. **Exclusive Jurisdiction and Venue**

This Court has jurisdiction over this Chapter 9 Case pursuant to 28 U.S.C. sections 157 and 1334. Venue in the United States Bankruptcy Court for the Eastern District of California, Sacramento Division, was proper as of the Petition Date and continues to be proper. Confirmation of the Plan is a core proceeding under 28 U.S.C. section 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

3. **Judicial Notice**

This Court takes judicial notice of (and deems admitted into evidence for purposes of confirmation of the Plan) the docket of this Chapter 9 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at, the hearings held before this Court during the pendency of the Chapter 9 Case.

4. **Notice**

As evidenced by the Service Declaration, due, adequate, timely, and sufficient notice of the Disclosure Statement, Plan, and Confirmation Hearing, together with all deadlines for voting on or objecting to the Plan have been given to, *inter alia*, all known holders of Claims and parties that requested notice in accordance with Bankruptcy Rule 2002, in substantial compliance with the Solicitation Procedures Order and Bankruptcy Rules 2002(b), 3017, and 3020(b), and no other or further notice is or shall be required.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

835946.03/SD -4-

FINDINGS OF FACT AND CONCLUSIONS
OF LAW IN SUPPORT OF ORDER
CONFIRMING AMENDED

### 5. Solicitation

Votes for acceptance or rejection of the Plan were solicited and tabulated in good faith and such solicitation complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures Order, and all other applicable rules, laws, and regulations. The transmittal and service of the Solicitation Packages, including the Ballots and Master Ballots, were adequate and sufficient. All procedures used to distribute solicitation materials to holders of Claims were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court and all other applicable rules, laws, regulations and orders. CFD 1990-1, the County, and their respective officials, employees, agents, attorneys, and financial advisors, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and exculpation provisions set forth in Article 10 of the Plan.

### 6. Burden of Proof

CFD 1990-1, as proponent of the Plan, has met its burden of proving the elements of section 943(b) of the Bankruptcy Code by a preponderance of the evidence.

### 7. Compliance with the Requirements of Bankruptcy Code Section 943(b)(1)

The Plan complies with the applicable provisions of the Bankruptcy Code made applicable by sections 103 and 901 of the Bankruptcy Code, thereby satisfying section 943(b)(1) of the Bankruptcy Code. Specifically, the Plan complies with sections 1122, 1123(a)(1), 1123(a)(3), 1123(a)(4), 1123(a)(5), 1123(b)(2), 1123(b)(3), 1124, 1125, 1126, 1127, 1128, 1129(a)(2), 1129(a)(3), 1129(a)(6), 1129(a)(8), 1129(a)(10), and 1129(b).

### 8. Settlement Agreement is Fair and Reasonable

Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration of the deliveries and other good and valuable consideration set forth in the Settlement Agreement, the provisions of the Settlement Agreement constitute a good faith

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

835946.03/SD

-5-

FINDINGS OF FACT AND CONCLUSIONS
OF LAW IN SUPPORT OF ORDER
CONFIRMING AMENDED

compromise and settlement of all claims and controversies by and among the parties thereto. The Settlement Agreement is fair, equitable, and reasonable and implementation of the Settlement Agreement through the Plan is in the best interests of CFD 1990-1 and its creditors (the Bondholders and the County). CFD 1990-1 is authorized to settle with the County, Wildwood and Nevco in accordance with the terms of the Settlement Agreement.

9. **The Plan has been Proposed in Good Faith and Not by Any Means Forbidden by Law**

In accordance with section 1129(a)(3), the Plan has been proposed in good faith and not by any means forbidden by law. No objections have been filed to the Plan on the grounds of lack of good faith. Pursuant to Bankruptcy Rule 3020(b)(2), the Court may therefore determine that the Plan has been proposed in good faith and not by any means prohibited by law without receiving evidence on such issues. Notwithstanding the foregoing, CFD 1990-1's good faith is evidenced from the facts and record of the Chapter 9 Case, the adequacy of disclosure in the Disclosure Statement, its good faith participation in the AB 506 Process, and the record of the Confirmation Hearing and other proceedings and hearings held in this case. The Plan was proposed with the legitimate, good faith and honest purpose of allowing CFD 1990-1 to adjust its debts and pay its creditors, the Bondholders and the County. The Plan is feasible and CFD 1990-1 is not prohibited by law to take any action necessary to carry out the terms of the Plan. Accordingly, the Plan is consistent with the objectives of the Bankruptcy Code and satisfies section 1129(a)(3) of the Bankruptcy Code.

10. **The Plan has Been Accepted by all Impaired Classes**

As set forth in the Voting Declaration, the Plan has been accepted by all Classes entitled to vote on the Plan as follows:

| Class | Number of Claimants Voting Yes; Percentage of Yes Votes | Number of Claimants Voting No; Percentage of No Votes | Monetary Amount of Claims Voting Yes; Percentage of Yes Votes | Monetary Amount of Claims Voting No; Percentage of No Votes |
|---|---|---|---|---|
| 1 | 22 votes; 95.6% | 1 vote; 4.4% | $3,615,000; 99.7% | $10,000; .3% |
| 2 | 1 vote 100% | | $117,757 100% | |

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

835946.03/SD

-6-

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING AMENDED

Based on the voting results, the Plan complies with the requirement set forth in sections 1129(a)(8) and 1129(10) of the Bankruptcy Code.

### 11. Compliance with the Requirements of Bankruptcy Code Section 943(b)(2) through Section 943(b)(7)

The Plan complies with the provisions of Chapter 9 of the Bankruptcy Code and Sections 943(b)(3), 943(b)(4), and 943(b)(5) of the Bankruptcy Code. The Plan is in the best interest of creditors and is feasible as required under Section 943(b)(7) of the Bankruptcy Code.

### 12. Section 943(b)(7) — Best Interest and Feasibility

The information in the Disclosure Statement, the Confirmation Memorandum and Supplemental Memorandum, the Confirmation Declarations and the evidence proffered at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is in the best interest of creditors and CFD 1990-1 and is feasible. The evidence demonstrates that CFD 1990-1 will meet its financial obligations under the Plan and have sufficient resources to operate, as necessary, post-confirmation, thereby satisfying the requirements of section 943(b)(7) of the Bankruptcy Code.

### 13. Retention of Jurisdiction

This Court may properly, and upon the Effective Date shall, retain jurisdiction over all matters arising out of, and related to, the Chapter 9 Case and the Plan set forth in Article 12 of the Plan, to the fullest extent permitted by law.

### 14. General Settlement of Claims of Bondholders and County

Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies relating to the contractual and legal rights that a holder of a Claim may have with respect to such Claim or any distribution to be made on account of such Claim. The entry of the Confirmation Order shall constitute this Court's approval of the compromise or settlement of all such Claims or controversies and this Court's finding that such

compromise or settlement is in the best interests of CFD 1990-1, the holders of Claims, and is fair, equitable, and reasonable.

### 15. **Provisions Regarding Distributions**

The provisions contained in Article 7 of the Plan, including, without limitation, the provisions governing distributions, are found to be reasonable.

### 16. **Discharge**

Pursuant to section 944 of the Bankruptcy Code, upon the Effective Date, CFD 1990-1 shall be discharged from all Claims against CFD 1990-1 other than any Claim specifically and expressly excepted from discharge by the Plan or the Confirmation Order.  The rights afforded in the Plan and the treatment of all holders of Claims, will be in exchange for and in complete satisfaction, discharge, and release of all Claims of any nature whatsoever arising on or before the Effective Date, known or unknown, including any interest accrued or expenses incurred thereon from and after the Petition Date, whether against CFD 1990-1 or any of its assets or interests in property.  Except as otherwise provided herein, upon the Effective Date, all Pre-Effective Date Claims will be and shall be deemed to be satisfied, discharged, and released in full, whether they are Impaired or Unimpaired under the Plan.

### 17. **Injunction**

The Confirmation Order shall permanently enjoin all entities who have held, hold, or may hold Pre-Effective Date Claims from and after the Confirmation Date from: (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Pre-Effective Date Claim against CFD 1990-1 or its property; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against CFD 1990-1 or its property with respect to such Pre-Effective Date Claim; (iii) creating, perfecting, or enforcing any lien or encumbrance of any kind against CFD 1990-1 or its property; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due to CFD 1990-1 with respect to any such Pre-Effective Date Claim, except as otherwise permitted by section 553 of the Bankruptcy Code.

### 18. Exculpation

Except with respect to obligations specifically arising pursuant to or preserved in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party shall be released and exculpated from, any claim, obligation, cause of action or liability for any claim in connection with or arising prior to or on the Effective Date for any act taken or omitted to be taken in connection with, or related to, (i) the administration of the Chapter 9 Case, (ii) the negotiation, pursuit, confirmation, solicitation of votes for, consummation or implementation of the Plan, (iii) the administration of the Plan or property to be distributed under the Plan, (iv) the AB 506 process, (v) the Settlement Agreement, (vi) any document, release, contract, or other instrument entered into in connection with, or relating to, the Plan or the settlements referenced within the Plan, or (vii) any other transaction contemplated by, or entered into, in connection with the Plan; provided, however, that nothing in this Section 10.4 shall be deemed to release or exculpate any Exculpated Party for its willful misconduct or gross negligence. In all respects, each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan.

### 19. Continuation of Automatic Stay

Unless otherwise provided, all injunctions or stays provided for in the Chapter 9 Case pursuant to sections 105, 362, or 922 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect until the Effective Date.

### 20. Modifications to Plan

The Plan may be modified upon motion of CFD 1990-1, or corrected by CFD 1990-1 prior to the Effective Date, without notice and a hearing and without additional disclosure pursuant to section 942 of the Bankruptcy Code provided that, after notice to all parties who have filed and served a request for special notice in the Chapter 9 Case, the Bankruptcy Court finds that such modification does not materially, adversely affect the holders of the Bonds or the County.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

835946.03/SD

-9-

FINDINGS OF FACT AND CONCLUSIONS
OF LAW IN SUPPORT OF ORDER
CONFIRMING AMENDED

### 21. Provisions of Plan and Order Are Nonseverable and Mutually Dependent

The provisions of the Plan as confirmed by the Confirmation Order are nonseverable and mutually dependent.

### 22. References to Plan Provisions

The failure specifically to include or reference any particular provision of the Plan in these Findings of Fact and Conclusions of Law or the Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be confirmed in its entirety.

### 23. Effectiveness of Order

The Confirmation Order is intended to be a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

Dated: November 23, 2015

Robert S. Bardwil, Judge
United States Bankruptcy Court

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

835946.03/SD                -10-

FINDINGS OF FACT AND CONCLUSIONS
OF LAW IN SUPPORT OF ORDER
CONFIRMING AMENDED

### 21. Provisions of Plan and Order Are Nonseverable and Mutually Dependent

The provisions of the Plan as confirmed by the Confirmation Order are nonseverable and mutually dependent.

### 22. References to Plan Provisions

The failure specifically to include or reference any particular provision of the Plan in these Findings of Fact and Conclusions of Law or the Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be confirmed in its entirety.

### 23. Effectiveness of Order

The Confirmation Order is intended to be a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

Dated: November 23, 2015

Robert S. Bardwil, Judge
United States Bankruptcy Court